**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JS PRODUCTS, INC., | ) |
|  Plaintiff, | ) |
| v. | ) 2:11-cv-1856-RCJ-GWF |
|  | ) **ORDER** |
| KABO TOOL COMPANY; JOHN DOE ENTITIES I-X; and JOHN DOES XI-XX, | ) |
|  Defendants. | ) |

This is a patent infringement case which includes state-law claims of intentional interference with contractual relations and commercial disparagement. Defendant Kabo Tool Company ("Kabo") has filed a motion to dismiss the two state-law claims against it pursuant to Rule 12(b)(6). (Mot. to Dismiss (#10)). For the following reasons, Kabo's motion to dismiss the two state-law claims is granted.

## BACKGROUND

Plaintiff JS Products, Inc. ("JSP") is a Nevada corporation with offices located in Las Vegas, Nevada which imports and sells tools. (Compl. (#1) at 1-2). Defendant Kabo is a Taiwanese company that owns U.S. Patent No. 7,066,057 (the " '057 Patent"), which is for a wrench with jaws that have different tilt angles. (*Id.* at 1-2; '057 Patent (#1) Ex. A).

On August 29, 2011, counsel for Kabo sent JSP a letter (the "Cease and Desist Letter") stating that Kabo is the owner of the '057 Patent and that Kabo believed certain JSP wrenches imported into the United States and sold by JSP (the "Accused Products") infringed on the '057 Patent. (Compl. (#1) at 2). Kabo further demanded that JSP cease and desist the alleged infringing activity. (*Id.* at 2-3). JSP responded to Kabo's Cease and Desist Letter by

acknowledging receipt of Kabo's demand but disagreeing with Kabo's assertions regarding the alleged infringement, specifically detailing inaccuracies in Kabo's basis for asserting that the Accused Products infringe the '057 Patent. (*Id.* at 3).

JSP filed a complaint in this Court on November 17, 2011 against Kabo, claiming: (1) JSP is entitled to a declaratory judgment of non-infringement and invalidity and/or unenforceability of the '057 Patent (claim 1); (2) intentional interference with contractual relations and/or prospective economic advantage (claim 2); and (3) commercial disparagement and/or corporate defamation (claim 3). (*Id.* at 3-5).

On December 7, 2011, Kabo filed a motion to dismiss claims two and three for intentional interference with contractual relations and/or prospective economic advantage and commercial disparagement and/or corporate defamation pursuant to Rule 12(b)(6). (Mot. to Dismiss (#10)). Kabo contends that claims two and three should be dismissed because JSP failed to allege all the required elements to state a claim for these causes of action and because these state-law claims are preempted by federal law. (*Id.* at 4-10). JSP filed an opposition to Kabo's motion to dismiss on January 6, 2012.[1] (Opp'n to Mot. to Dismiss (#25)). Kabo's reply brief was filed on January 17, 2012. (Reply (#26)).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

---

[1] A stipulation for extension of time was filed on December 22, 2011, giving JSP until January 6, 2012 to file its opposition. (Stipulation (#14)).

2

is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).

If the court grants a motion to dismiss a complaint or any causes of action within a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint or the cause of action cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Kabo contends that the state-law causes of action contained in claims two and three should be dismissed for two reasons. First, Kabo argues that JSP has failed to properly plead all the necessary elements of a cause of action for these state-law claims. (Mot. to Dismiss (#10) at 7-10). Second, Kabo argues that even if Plaintiff has properly pled the requisite elements for these claims, the claims are preempted by federal law. (*Id.* at 4-7).

**I.    The Elements of the State-Law Claims are Properly Pled**

    **A.    Intentional Interference with Contractual Relations and/or Prospective Economic Advantage**

JSP's second claim is for intentional interference with contractual relations and/or prospective economic advantage. To state a claim for contractual interference under Nevada law, the plaintiff must show: "(1) a valid and existing contract; (2) the defendant's knowledge

3

of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989).

Kabo asserts that this claim fails because JSP has not properly pled that any contractual relationships were actually disrupted. (Mot. to Dismiss (#10) at 8). JSP however has alleged that Kabo's conduct has "negatively impact[ed] JSP's existing and prospective contractual relationships and disparag[ed] JSP" and that JSP "has suffered financial and business losses, including damage to its reputation." (Compl. (#1) at 3). JSP has therefore adequately alleged that it suffered an actual disruption of its contractual relationships.

### B.  Commercial Disparagement and/or Corporate Defamation

The elements of a state-law claim for business disparagement are: "(1) a false and disparaging statement, (2) the unprivileged publication by the defendant, (3) malice, and (4) special damages." *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 504 (Nev. 2009).

Kabo asserts that JSP has failed to state a claim for business disparagement because the complaint omits any factual allegations that the statements made to vendors were disparaging. (Mot. to Dismiss (#10) at 10). A statement is "disparaging" if it "is understood to cast doubt upon the quality of another's land, chattels or intangible things, or upon the existence or extent of his property in them" and the publisher intends the statement to cast doubt or the recipient's understanding of it as casting doubt was reasonable. RESTATEMENT (SECOND) OF TORTS § 629 (1977)). Although JSP has not directly asserted that the statements to the vendors were disparaging, it has alleged that Kabo contacted JSP's vendors and informed them of Kabo's claim that JSP is infringing on the '057 Patent. Claims for patent infringement by their very nature imply that the alleged infringer does not have proper rights to distribute the purportedly infringing product. Such claims are also intended to cast doubt on the alleged infringer's rights in the allegedly infringing product and are reasonably understood by the recipient to cast such doubt. JSP has thus properly pled that it was disparaged by Kabo's statements to JSP's vendors informing them that JSP was infringing on

4

the '057 patent.

## II.   As Alleged, the State-Law Claims are Preempted by Federal Law

Although Plaintiff has properly pled all the necessary elements to state a claim under its state-law causes of action, the claims must be dismissed because they are preempted by federal law.  Ancillary to a patentee's right to exclude, "a patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction."  *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004) (citations omitted).  Accordingly, the Federal Circuit has held that federal patent law "preempts state-law tort liability for a patent holder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation."  *Id.*  To avoid preemption, "bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim."  *Id.* (quoting *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999)).

The "bad faith" standard contains both objective and subjective components.  *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998).  "The subjective component relates to a showing that the patentee in enforcing the patent demonstrated subjective bad faith."  *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1370 (Fed. Cir. 2008).  The Federal Circuit however has held that "[s]ubjective considerations of bad faith are irrelevant if the [challenged] assertions are not objectively baseless."  *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1375 (Fed. Cir. 2007) (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)).  Accordingly, the bad faith standard cannot be satisfied "in the absence of a showing that the claims asserted were objectively baseless."  *Globetrotter*, 362 F.3d at 1375.  To be objectively baseless, the infringement allegations must be such that "no reasonable litigant could realistically expect success on the merits."  *GP Indus.*, 500 F.3d at 1374 (citing *Prof' l Real Estate Investors*, 508 U.S. at 60).

In this matter, JSP has not adequately alleged bad faith.  The complaint alleges JSP

5

responded to the Cease and Desist Letter by detailing the inaccuracies in Kabo's claim for infringement and that despite this response Kabo contacted at least one vendor who had a contractual relationship with JSP and informed them of JSP's allegedly infringing activities. (Compl. (#1) at 3). The complaint further makes the conclusory allegations that the claims for infringement were baseless and timed to interfere with JSP's contractual relationships. (*Id.* at 4).

First and foremost, JSP has not properly alleged in its complaint that Kabo's infringement claim was objectively baseless, which is required to satisfy the bad faith standard. *See Globetrotter*, 362 F.3d at 1375. JSP has only made the conclusory allegation that Kabo "assert[ed] baseless claims of infringement and liability." (Compl. (#1) at 4). No facts have been alleged in the complaint that would lead the Court to conclude that Kabo's claim of infringement was objectively baseless or that no reasonable litigant could realistically expect success on the merits. JSP simply makes the legal conclusion that Kabo's infringement claim was baseless and expects the Court to accept it as true without any other allegations supporting the assertion. Because the Court need not accept as true legal conclusions couched as factual allegations such as this, *see Twombly*, 550 U.S. at 555, JSP has failed to properly allege that Kabo's infringement claim was objectively baseless and thus in bad faith.

JSP has also failed to properly allege that Kabo demonstrated subjective bad faith in enforcing its patent. The mere fact that Kabo contacted at least one JSP vendor after receiving JSP's response to its Cease and Desist Letter does not properly allege Kabo contacted the vendors in bad faith because no facts are alleged that would demonstrate Kabo did not honestly believe it had a valid claim for infringement, despite JSP's conclusion to the contrary. Furthermore, the conclusory allegation that Kabo's contact with the vendors was timed to interfere with JSP's contractual relations alone does not plausibly allege that the bad faith requirement has been satisfied. *See Twombly*, 550 U.S. at 570. It is just as likely based on the facts alleged that Kabo first attempted to contact JSP to resolve the situation amicably and then contacted JSP's vendors after it became apparent that JSP would not stop the allegedly infringing activities.

Although JSP's second and third claims for relief as pled are preempted by federal law because the complaint fails to allege that Kabo engaged in conduct amounting to bad faith, the Court finds that JSP may be able cure the deficiency if allowed to amend its complaint. JSP notes in its opposition to the motion to dismiss that it believes the claim for infringement is simply retaliatory because JSP purchased the Accused Products from a rival manufacturer rather than from Kabo, from which it had previously purchased its supplies. (Opp'n to Mot. to Dismiss (#1) at 2). The opposition further notes that Kabo's Cease and Desist Letter was based on the conclusions of an "expert" who had no knowledge of U.S. Patent Law and who blatantly manipulated his results—which could lead to the conclusion that the infringement claim was objectively baseless and in bad faith. (*Id.* at 3). JSP also notes discrepancies in the timing and the substance of the letters Kabo sent to JSP's vendors. (*Id.* at 5). For these reasons, the Court will permit JSP to amend its complaint to properly allege that Kabo's communication to JSP's vendors was conducted in bad faith.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Kabo's motion to dismiss claims two and three is granted and that those claims are dismissed with leave to amend.

DATED: This 24th day of February, 2012.

_____
United States District Judge