R. Scott Weide, Esq.
Nevada Bar No. 5541
*sweide@weidemiller.com*
Kendelee L. Works, Esq.
Nevada Bar No. 9611
*kworks@weidemiller.com*
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
Tel. (702) 382-4804
Fax (702) 382-4805

Attorneys for JS Products, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JS PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KABO TOOL COMPANY; JOHN DOE ENTITIES I-X; and JOHN DOES XI-XX, <br><br> Defendants. <br><br> AND ALL RELATED CLAIMS | Case No.: 2:11-cv-01856-RCJ-GWF <br><br> [PROPOSED] **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

WHEREAS, the Parties and other non-parties may, during the course of this litigation, be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the Parties have, through counsel, stipulated and agreed to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY STIPULATED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of information in this litigation.

1.  This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with this litigation and

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)          1

designated in accordance with this Order.

2. Any Party (hereinafter "Designating Party") may designate information or documents produced, used, or disclosed in connection with this litigation ("Discovery Material") as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" to the other Parties and other persons involved in this litigation (collectively "Receiving Party") by stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" on the documents or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order. In designating Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," counsel for a Designating Party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" as defined in Paragraphs 2.a. or 2.b. of this Order.

   a. "CONFIDENTIAL" means trade secrets, other confidential, non-public and proprietary technical information, including, research or development information, patent applications, trademark applications, commercial, financial, budgeting and/or accounting information, information about existing customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, as well as confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this litigation have or have had business relationships which a Designating Party in good faith so designates because of its view that the information or any information derived therefrom contains or reflect trade secrets, or other confidential research, development, or commercial information. The "CONFIDENTIAL" category shall be invoked by a Designating Party only relative to documents or categories of documents that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c).

   b. "CONFIDENTIAL" information may be further restricted by an "ATTORNEY'S EYES ONLY" designation. Designation of "CONFIDENTIAL" information with the further restriction of "ATTORNEY'S EYES ONLY" shall be limited to information

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)        2

1  and documents that contain or refer to trade secrets or other confidential or technical research,
2  development, business, or financial information that, if disclosed to a business competitor, may
3  tend to damage the Designating Party's competitive position.

4      3.      The designation of Discovery Material in the form of documents, responses to
5  requests for admission and interrogatories, responses to subpoenas or other tangible materials
6  (including, without limitation, electronically stored information), other than depositions or other
7  pretrial testimony, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES
8  ONLY" shall be made by the Designating Party in the following manner:

9      a.      Documents designated "CONFIDENTIAL" shall be so marked by conspicuously
10 affixing the legend "CONFIDENTIAL" on each page containing any confidential information
11 (or in the case of computer medium on the medium and its label and/or cover) to which the
12 designation applies. Such designated Discovery Material shall also be identified by Bates
13 number. To the extent practical, the "CONFIDENTIAL" legend shall be placed near the Bates
14 number;

15     b.      Documents designated "CONFIDENTIAL -- ATTORNEY'S EYES ONLY"
16 shall be so marked by conspicuously affixing the legend "CONFIDENTIAL -- ATTORNEY'S
17 EYES ONLY" on each page containing any counsel eyes only information (or in the case of
18 computer medium on the medium and its label and/or cover) to which the designation applies.
19 Such designated Discovery Material shall also be identified by Bates number. To the extent
20 practical, the "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" legend shall be placed near
21 the Bates number;

22     c.      If a document has more than one designation, the more restrictive or higher
23 confidential designation applies.

24     d.      As to those documents that are produced for examination for the purposes of
25 allowing opposing counsel to determine which of those documents opposing counsel desires
26 copies, those documents shall be treated as "CONFIDENTIAL -- ATTORNEY'S EYES
27 ONLY" pursuant to this Order, whether or not marked, until copies of the documents are
28 requested and produced, at which time the produced documents and information therein shall be

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)       3

1  held pursuant to this Order based upon the designation, if any, marked upon the documents by
2  the Designating Party.

3      e.    Documents printed out from any electronic medium marked with
4  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall be marked
5  by the Party printing such documents with the same designation as the electronic medium from
6  which they are printed.

7      f.    To the extent electronically stored information or other material cannot
8  physically be labeled "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES
9  ONLY," the Parties will identify the material with sufficient specificity to put Parties and others
10  subject to this Order on notice as to the confidential nature or such material.

11      4.    Information conveyed or discussed in testimony at a deposition or a court hearing
12  shall be subject to this Order provided it is designated "CONFIDENTIAL" or
13  "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" orally or in writing either at the time the
14  testimony is given or after receipt by the Parties of the transcript. During such time as any
15  information or documents designated "CONFIDENTIAL" or "CONFIDENTIAL --
16  ATTORNEY'S EYES ONLY" are disclosed in a deposition, any Party shall have the right to
17  exclude from attendance at the deposition any person who is not entitled to receive such
18  information or documents pursuant to this Order. Unless counsel for a Party states otherwise on
19  the record, the entire deposition transcript for each deponent in this litigation and the
20  information contained therein is to be treated as "CONFIDENTIAL ATTORNEY'S EYES
21  ONLY" for a period of time not to exceed 30 days after the Party receives a copy of the
22  deposition transcript, during which time the Party may designate, in writing, specific portions of
23  the transcript "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" as
24  appropriate. If the Party fails to designate in writing any portions of the transcript as
25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" within the 30-day
26  period, the other Parties shall be permitted to use the transcript and the information contained
27  therein with no restrictions of confidentiality subject to the provisions of paragraph 5 below.

28      5.    Subject to the provisions of Paragraphs 2 and 3, the failure to designate

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)    4

1  information or documents as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S
2  EYES ONLY" in accordance with this Order and the failure to object to such a designation shall
3  not preclude a Party at a later time from subsequently designating or objecting to the designation
4  of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL --
5  ATTORNEY'S EYES ONLY." The Parties understand and acknowledge that failure of a Party
6  to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL --
7  ATTORNEY'S EYES ONLY" relieves the Receiving Party of obligations of confidentiality
8  until such a designation is made, except as otherwise provided herein.  If any Discovery
9  Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
10 ATTORNEYS' EYES ONLY" after the Discovery Material was initially produced, the
11 Receiving Party, on timely notification of the designation, must make reasonable efforts to
12 assure that the Discovery Material is treated in accordance with the provisions of this Order.
13 Within five (5) days of receipt of the substitute copies of Discovery Material, the Receiving
14 Party shall return the previously undesignated Discovery Material and all copies thereof.

15      6.     A Party that objects to the designation of any document or information as
16 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall provide
17 written notice of the objection to the Designating Party. The notice shall state with specificity
18 the document objected to and the basis for the objection.  A Party that elects to initiate a
19 challenge to a Designating Party's confidentiality designation must do so in good faith and must
20 begin the process by conferring directly (in voice to voice dialogue; other forms of
21 communication are not sufficient) with Counsel for the Designating Party.  In conferring, the
22 challenging Party must explain the basis for such challenging Party's belief that the
23 confidentiality designation was not proper, must give the Designating Party an opportunity to
24 review the designated Discovery Material, to reconsider the circumstances, and, if no change in
25 designation is offered, to explain the basis for the chosen designation. If the dispute cannot be
26 resolved, the challenging Party may move the Court requesting that the document(s) in question
27 be re-designated. If such motion is brought by the challenging Party, the Designating Party shall
28 bear the burden of establishing the confidentiality of the document(s) in question. No Party shall

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)                    5

1  be under any obligation to object to any designation of confidentiality at the time such

2  designation is made, or any time thereafter. No Party shall, by failure to object, be found to have

3  acquiesced or agreed to such designation or be barred from objecting to such a designation at

4  any time thereafter.

5      7.    Other than by the Designating Party, any information or document designated as

6  "CONFIDENTIAL" shall be used solely in connection with this litigation and shall not be used

7  in any other manner by a Receiving Party. Any such designated information or documents shall

8  not be disclosed to anyone other than:

9      a.    the Court and court personnel;

10      b.    court reporters taking testimony in these actions and their necessary

11  stenographic, videographic, and clerical personnel;

12      c.    the counsel and law firms representing the Parties in this litigation and such

13  counsel's employees, and third-party copy or document management vendors;

14      d.    the directors and officers of each Party and no more than a total of seven (7)

15  employees of each Party, who shall, prior to receiving such designated information or

16  documents, be furnished with a copy of this Order and shall execute a Declaration in the form of

17  Exhibit A attached hereto, confirming that he/she has read and understands the provisions of this

18  Order and agrees to be bound hereby ("Designated Employees");

19      e.    testifying experts, investigators, consulting experts, advisors, jury consultants,

20  and mock jury members that are not presently employees of a Party, provided, however, that

21  before any such person is shown or receives any information or document designated as

22  "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached

23  hereto;

24      f.    persons testifying in depositions or court proceedings (including, without

25  limitation, persons preparing to testify in such depositions or court proceedings) to the extent the

26  "CONFIDENTIAL" document or information was authored by, addressed to, or received by the

27  person or Party testifying; and

28      g.    such other persons as the Parties may designate in writing by stipulation or orally

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)    6

agree upon on the record at a deposition in this litigation, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g", except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

      8.     Information designated "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall be used solely in connection with this litigation and production of such information shall be limited to:

      a.     the Court and court personnel;

      b.     court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

      c.     the counsel and law firms representing the Parties in this litigation and such counsel's employees, and third-party copy or document management vendors;

      d.     testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not presently employees of a Party, provided, however, that before any such person is shown or receives any information or document designated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," he or she must execute a Declaration in the form of Exhibit A attached hereto;

      e.     persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" document or information was authored by, addressed to, or received by the person or Party testifying; and

      f.     such other persons as the Parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL --

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)       7

1  ATTORNEY'S EYES ONLY" he or she must (1) execute a Declaration in the form of Exhibit
2  A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound
3  by the terms of this Order, and further provided that any documents designated as
4  "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall not be left in the possession of the
5  person subject to this subparagraph "f", except as may be required by Fed. R. Civ. P. 30 or
6  unless the person otherwise qualifies for access to such documents pursuant to this Order.

7      9.    This Order shall apply equally to documents and information produced by non-
8  Parties to this litigation pursuant to subpoena or other disclosure.  A non-Party may designate
9  documents or information it produces as "CONFIDENTIAL" or "CONFIDENTIAL --
10 ATTORNEY'S EYES ONLY" pursuant to this Order.  A non-Party that makes original
11 documents or information available for inspection and review need not designate such
12 documents or materials for protection until after the inspecting Party has indicated which
13 documents or material such inspecting Party would like copied and produced. During the
14 inspection and before the designation, all of the documents or material made available for
15 inspection shall be deemed "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."  After the
16 inspecting Party has identified the documents or materials such inspecting Party wants copied
17 and produced, the non-Party shall determine which documents or materials, or portions thereof,
18 qualify for protection under this Order.  Before producing the specified documents or materials,
19 the non-Party shall affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL --
20 ATTORNEY'S EYES ONLY") on each page containing information or material that qualifies
21 for protection under this Order.  If only a portion or portions of the material on a page qualifies
22 for protection, the non-Party shall also clearly identify the protected portion(s) (e.g., by making
23 appropriate markings in the margins) and must specify, for each portion, the level of protection
24 being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES
25 ONLY").

26     10.    A Party seeking to file any paper or other matter in any civil case designated
27 CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall seek to file
28 the paper or other matter under seal, pursuant to the Court's Local Rules, unless the Designating

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)        8

1  Party authorizes, in writing, that such paper or other matter does not have to be filed under seal.

2        11.    Any person in possession of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information shall exercise reasonably appropriate care with regard to the storage, custody or use of such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information in order to ensure that the confidential or highly confidential nature of the same is maintained.

      12.    If information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" is disclosed to anyone other than in a manner authorized by this Order, the Party responsible for such disclosure must: (a) immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information; (b) retrieve such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information, or, where the information is not retrievable, certify that, as far as the Party responsible for disclosure is aware, such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information has been lost or destroyed and that no copies are within the possession, custody, or control of unauthorized recipients of the information, documents, or materials; and (c) prevent further disclosure.

      13.    Unless otherwise permitted herein, within sixty (60) days after the final disposition of this litigation, including all appeals therefrom, all documents (originals and copies) designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" and all excerpts therefrom in the possession, custody, or control of any Parties (other than the Designating Party) and any experts, investigators, advisors, or consultants shall be destroyed by the Receiving Party (or, upon written request, returned to the Designating Party at the Designating Party's expense). The attorneys of record for each Party shall be entitled to retain all exhibits admitted into evidence at trial, pleadings, motion papers, discovery responses, deposition transcripts and exhibits, legal memoranda, correspondence and work product. Upon request, the Parties and their counsel shall separately provide written certification to the Designating Party within sixty (60) days after the final disposition of this litigation that the

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)      9

1   actions required by this paragraph have been completed.

2   14.     The Court shall retain jurisdiction over the Parties for the purpose of ensuring
3   compliance with this Order and granting such amendments, modifications, and additions to this
4   Order and such other and further relief as may be necessary, and any Party may apply to the
5   Court at any time for an amendment, modification, or addition to this Order. This Order shall
6   survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

7   15.     A Party in receipt of documents or information designated as
8   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" hereunder who is
9   required to disclose the document or information pursuant to any law, regulation, order, or rule
10  of any governmental authority, shall give immediate advance notice within two (2) business
11  days, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of
12  any such requested or actual disclosure in writing to the counsel of the other Parties to afford the
13  Parties the opportunity to seek legal protection from or otherwise limit the disclosure of such
14  information or documents.

15  16.     Neither this Order nor any stipulation therefore, nor any disclosure or use of
16  information or documents, in whatever form, pursuant to this Order, shall be deemed an
17  admission, waiver, or agreement by any Party that any information or documents designated as
18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" hereunder is or is
19  not a trade secret or confidential information for purposes of determining the merits of any
20  claims any Party may have against one another or a third Party. Neither this Order nor any
21  stipulation resulting therefrom shall be deemed to expand the scope of discovery in these actions
22  beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters
23  unrelated to these actions.

24  17.     Inadvertent production of documents subject to work product immunity or the
25  attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the
26  immunity or privilege; provided that the Designating Party notifies the Receiving Party in
27  writing via facsimile or email, with confirmation by first-class mail, of such inadvertent
28  production immediately upon learning of same. Such inadvertently produced documents, and all

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)                              10

1  copies thereof, shall be returned to the Designating Party upon request within five (5) business
2  days except that, if the Receiving Party intends to request that the Court order the production of
3  any such inadvertently produced documents, it may retain one copy of the document for such
4  purpose and if so, notify the Designating Party promptly. The Receiving Party must return such
5  inadvertently produced documents if the Receiving Party does not request such relief from the
6  Court within a reasonable time period not to exceed 20 days, unless the Parties are engaged in
7  good faith discussions regarding the documents or if the Court denies any such relief, whichever
8  is longer, and no use may be made of such documents thereafter. Nothing in this Order shall
9  prevent the Receiving Party from requesting that the Court order the production of any such
10 inadvertently produced documents. Nothing in this Order prevents any Party from petitioning
11 the Court for return of later discovered, inadvertently produced documents that are subject to
12 work product immunity or attorney-client privilege or any other privilege or immunity.
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)                          11

18. Nothing in the Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this litigation. A Party intending to introduce confidential information or documentation at any hearing or trial in this litigation will approach the bench for a ruling on how the information or documentation is to be treated.

DATED this *** day of March, 2012.

IT IS SO STIPULATED:

**WEIDE & MILLER, LTD.**

By: /s/ *Kendelee L. Works*
   R. Scott Weide, Esq.
   Kendelee L. Works, Esq.
   7251 W. Lake Mead Blvd., Suite 530
   Las Vegas, NV  89128

   Attorneys for JS Products, Inc

**K&L GATES LLP**

By: */s/ Alexandra P. Summer*
   Harold H. Davis, Jr., Esq.
   Howard Chen, Esq.
   Alexandra P. Summer, Esq.
   4 Embarcadero Center, Suite 1200
   San Francisco, CA 94111-5994

**MCDONALD CARANO & WILSON, LLP**

   Andrew P. Gordon, Esq.
   McDonald Carano & Wilson, LLP
   2300 West Sahara Avenue, Suite 1000
   Las Vegas, NV 89102

   Attorneys for Kabo Tool Company

**ORDER**

**IT IS SO ORDERED**:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 19, 2012

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)      12

# EXHIBIT A

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)        13

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JS PRODUCTS, INC., | ) Case No.: 2:11-cv-01856-RCJ-GWF |
| Plaintiff, | ) |
| vs. | ) |
| KABO TOOL COMPANY; JOHN DOE ENTITIES I-X; and JOHN DOES XI-XX, | ) **ACKNOWLEDGMENT UNDER PROTECTIVE ORDER** |
| Defendants. | ) |
| AND ALL RELATED CLAIMS | ) |

I, _____, declare as follows:

1. My address is _____
_____.

2. If I am an expert, a copy of my curriculum vitae is attached.

3. My present employer is _____
_____.

4. My present occupation or job description is _____
_____.

5. I have received a copy of the Stipulated Protective Order Regarding Confidentiality entered in the above captioned action.

7. I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Confidentiality.

8. I will comply with all of the provisions of the Stipulated Protective Order Regarding Confidentiality.

9. I will hold in confidence, not disclose to anyone not designated in the Stipulated Protective Order Regarding Confidentiality, and will use only for the purposes of assisting in the

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)    14

resolution of disputes between the Parties to the action, any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

10. I will return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the Party who disclosed or furnished such documents to me promptly upon the request of counsel for all Parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of these actions.

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me, the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

12. I declare under penalty of perjury of the laws of the United States and the State of Nevada that the foregoing is true and correct.

_____          _____
Date                                Signature

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)                    15

**CERTIFICATE OF SERVICE**

I hereby by certify that I am an employee of Weide & Miller, Ltd. and that on March 16, 2012, I served the foregoing **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** via the Court's CM/ECF filing system on all counsel of record and Parties as listed:

| | |
|---|---|
| Harold H. Davis, Jr., Esq.<br>Howard Chen, Esq.<br>Alexandra P. Summer, Esq.<br>K&L Gates LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA 94111-5994<br><br>Attorneys for Defendant<br>Kabo Tool Company | Andrew P. Gordon, Esq.<br>McDonald Carano & Wilson, LLP<br>2300 West Sahara Avenue, Suite 1000<br>Las Vegas, NV 89102<br><br>Attorney for Defendant<br>Kabo Tool Company |

*/s/ Kendelee L. Works*
_____
An employee of WEIDE & MILLER, LTD

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

KLW-W-0174r1 (4)                16