# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JS PRODUCTS, INC., | |
| Plaintiff, | Case No. 2:11-cv-01856-RCJ-GWF |
| vs. | **ORDER** |
| KABO TOOL COMPANY, | Motion for Leave to File Certain Documents Under Seal (#308) |
| Defendant. | |

This matter comes before the Court on Defendants' Motion for Leave to File Certain Documents Under Seal (#308), filed on May 20, 2014.

The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *See Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The 9th Circuit has held that the sealing of filings is appropriate to protect the parties' proprietary business operations and trade secrets. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The party seeking to seal a judicial record bears the burden of overcoming the strong presumption by articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.*

Here, the Court previously entered a Protective Order (#36) to maintain the confidentiality of confidential and proprietary information, including trade secrets, of parties and non-parties.

The aforementioned protective order was entered pursuant to a stipulation wherein both parties acknowledged the sensitive and confidential nature of certain information related to the subject matter of this action.  Defendant now moves this Court for an order permitting it to file under seal its Response (#306) to Plaintiff's Supplemental Report Re: Compliance with May 2, 2014 Court Order  (#293) and Exhibits A, C, D and E attached to the Davis Declaration (#310) filed in support of its Response.  Defendant alleges that Plaintiff has designated the  deposition transcript of James Moore as Confidential – Attorney's Eyes Only.  Defendant quoted Mr. Moore's deposition testimony in its Response and attached the transcript as Exhibit A to the Davis Declaration.  Defendant therefore seeks to file its Response and Exhibit A under Seal.  Defendant further alleges that Exhibits C and E are manufacturing documents that Plaintiff designated as Confidential - Attorney's Eyes Only and therefore seeks to file those attached exhibits under seal.  Lastly, Defendant asserts that Exhibit D is an Initial Expert Report which contains confidential and proprietary information, including confidential information relating to the manufacturing of the accused wrenches.  Therefore, Defendant seeks to seal Exhibit D.  Both parties stipulated to the highly sensitive and private nature of this information pursuant to the terms of the Protective Order.  The Court therefore finds that Defendant establishes good cause to file its Response (#309) and Exhibits  A, C, D and E under seal.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Certain Documents Under Seal (#308) is **granted.**

DATED this 3rd day of June, 2014

_____
GEORGE FOLEY, JR.
United States Magistrate Judge