**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JS PRODUCTS, INC.,

Plaintiff,

vs.

KABO TOOL COMPANY and CHIH-CHING HSIEH,

Defendants.

Case No. 2:11-cv-01856-RCJ-GWF

**ORDER**

Defendant's Memorandum in Support of Attorneys' Fees and Costs Pursuant to the Court's Order (#286)

This matter comes before the Court on Defendant Kabo Tool Company's ("Kabo") Memorandum in Support of Attorneys' Fees and Costs (#286), filed on May 16, 2014. Plaintiff JS Products, Inc., ("JSP") filed its Opposition (#313) to Defendants' Motion on June 2, 2014. Plaintiff filed its Reply (#346) on August 13, 2014.

**BACKGROUND**

On February 26, 2013, Defendant Kabo filed a motion to compel, in which it sought production of a variety of documents and items from JSP, including a copy of the manufacturing drawings or prints for the accused wrenches. *See Dkt. #120*. The Court conducted a hearing on April 2, 2013 during which it indicated that it would order JSP to produce manufacturing drawings based on Mr. Moore's testimony that JSP could obtain them from its supplier. *See Dkt. #154, 202.* Pursuant to the Court's order, JSP produced emails showing that Mr. Moore requested manufacturing drawings from its supplier, Porauto. *See Dkt. #268*, Exhibit 2. On August 2, 2013, JSP's counsel sent a letter to Kabo's attorney enclosing the affidavit of Roger Wiesenauer and a disc containing the purported manufacturing drawings. *See #257*, Exhibit H. Kabo provided the drawings produced by JSP, along with other documents and testimony, to its mechanical

engineering expert S. Philip Buckley. *See Dkt. #274* at 4. Mr. Buckley thereafter submitted his expert report dated January 10, 2014 indicating that 82% of the JSP accused wrenches had a thickness of the distal end of the first jaw smaller than a thickness of the distal end of the second jaw. *Id.; see also #259-10*, Exhibit J. JSP's expert witness Gene Olson prepared a rebuttal expert report, dated February 11, 2014, stating that the Buckley Report referred to technical drawings, however, the drawings did not contain enough information to determine the dimensions of the wrenches other than those which were actually measured. *See Dkt. #257*, Exhibit K. During his deposition on April 10, 2014, Mr. Olson confirmed his statements that Exhibits K, L, and M to Mr. Buckley's report, which were the drawings that JSP obtained from Porauto in April 2013, were not true manufacturing drawings. *See Dkt. #257*, Exhibit L; *see also Dkt. #270*, Exhibit A. On April 11, 2014, Defendant Kabo filed an emergency motion for sanctions alleging that Plaintiff JSP failed to comply with the Court's Order #202.

The Court conducted a hearing in this matter on April 25, 2014. *See Dkt. #271*. The undersigned issued an order on May 2, 2014, granting Defendant's motion in part finding that JSP violated the Court's July 3, 2013 order. *See Dkt. #274.* The Court concluded, however, that Kabo was not so prejudiced by JSP's discovery violation as to warrant the severe sanction of entering a judgment for infringement against JSP. *See Dkt. #274.* Instead, the Court granted Defendant Kabo an award of expenses, including attorney's fees. *Id*. Specifically, the order states:

> Defendant/Counterclaimant Kabo is awarded its reasonable attorney's fees and costs in regard to its motion for sanctions. The Court will also consider an application by Kabo for reimbursement of any expenses such as additional expert witness fees, deposition costs, and attorney's fees, that are hereafter incurred as a result of JSP's failure to produce the manufacturing drawings for the accused wrenches as it represented it did on August 2, 2013.

*See Dkt. #274* at 14. The Court further instructed Kabo to serve and file a "memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order." *Id*.

On May 16, 2014, Defendant Kabo submitted its Memorandum in Support of Reasonable Attorneys' Fees and Costs (#286) requesting $132,629.48 which includes $104,682.25 in attorneys' fees, $1,733.78 in travel costs, $6,570.00 in expert fees, $180.00 in deposition fees, $12,071.00 in

fees incurred in preparing Memorandum (#286), and $7,392.45 in local counsel's fees and costs. *See Dkt. #286*. Counsel for Defendant Kabo alleged that as a result of JSP's failure to produce the manufacturing documents and original factory drawings for the accused wrenches, Kabo was forced to file two motions to compel production and an emergency motion for sanctions (#42, #120, and #254).

In its Response (#313), Plaintiff opposed Defendant Kabo's demand for over $130,000.00 in attorney's fees arguing that the amount was unreasonable for a sanctions motion prepared on 24-hours' notice. Plaintiff further argued that:

> [t]he Court has already refused to award Kabo the vast majority of fees included in its demand. This Court specifically awarded Kabo its 'reasonable attorney's fees and costs in regard to its motion for sanctions' and ordered Kabo to serve and file a memorandum 'establishing the amount of attorney's fees and costs incurred in the motion addressed in this order.' [citation omitted] The Court denied Kabo's broader requests for terminating sanctions, an adverse inference, and additional attorneys' fees and costs for two prior motions, depositions, and expert reports."

*See Dkt. #313*.

In its Reply (#346), Kabo argues that its request for fees and costs is within the scope of the Court's order, is reasonable and supported, and should not be diminished. *See Dkt. #346*. Specifically, Defendant Kabo interpreted the Court's language "in regard to" to mean that the grant of an award concerned those fees and costs outlined in the underlying motion for sanctions.

**DISCUSSION**

Where the attorneys' fees requested are unreasonably excessive, it is within a court's discretion to deny fees entirely. *See Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991); *see also Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980); *see also First State Ins. Group v. Nationwide Mut. Ins. Co.*, 402 F.3d 43, 44 (1st Cir. 2005) (upholding the district court's decision declining to award prevailing party any expenses and fees after concluding that the requested amount, $89,012.82, was not reasonable for the work involved). In *First State Ins. Group*, the Court found that a $60,000 request for compensation of attorneys' fees and approximately $30,000 request for local counsel, travel, and other fees was excessive for work performed on an emergency motion, the ultimate product of which amounted to two memoranda totaling 34 pages in length and

attendance and argument at a short hearing. *Id*.

The Court agrees with Plaintiff that the amount of fees that Defendant Kabo requests in its Memorandum is excessive and that Defendant Kabo broadly misconstrued the Court's order (#274) awarding reasonable expenses and attorneys' fees. In paragraph 3 of its order, the Court specifically stated that, "[c]ounsel for Kabo shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs **incurred in the motion addressed in this order**." *See Dkt. #274* at 14 ¶ 3. Furthermore, in paragraph 2, the Court specifically indicated that it would consider an application by Kabo for reimbursement of expenses "hereafter incurred" as a result of JSP's failure to produce the manufacturing drawings. *See Dkt. #274.* This established the Court's willingness to review future, incurred expenses caused by Plaintiff's breach. Nowhere did the Court imply, however, that it would revisit previous decisions denying awards of costs or fees. Similar to *First State Ins. Group*, Defendant's request for $132,629.48 for an 18 page emergency motion for sanctions (#254), a 19 page reply (#270) and oral argument at a relatively brief hearing is unreasonably excessive.

The Court finds that Defendant Kabo unreasonably expanded the nature of its request for fees, such that JSP was required to file an opposition to the memorandum of costs and fees that would not have been necessary if Defendant Kabo had limited its application to that which was reasonably appropriate. While Defendant Kabo's conduct does not require a complete denial of its application for fees and costs, it does justify a further reduction of the amount to be awarded to Defendant based on its overreaching with respect to its application.

The Court reviews Defendant Kabo's fee request solely with regard to the work performed and expenses incurred on its motion for sanctions (#254). The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly

rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

The Court finds that the hourly rates charged by Defendant Kabo's counsel are reasonable in light of the type of litigation at issue, patent law, and in light of the experience and qualifications of counsel. The hourly rate of $275.00 per hour for paralegal services, however, is excessive. According to Exhibit A to Defendant's Memorandum (#286), Defendant's counsel expended a total of 82.9 hours in attorney time and an additional 7.1 hours in paralegal time in regard to the preparation of the motion for sanctions, reviewing the opposition and preparing a reply. Defendant has not provided the Court with copies of actual itemized billing records, and has instead briefly summarized the expenditure of time. The Court therefore cannot independently verify the actual time billed for tasks related to the motion for sanctions. Given the content of the briefs and their length, however, the Court finds that this number of hours is excessive on its face.

The Court finds that the reasonable attorney and paralegal time associated with Defendant Kabo's motion for sanctions does not exceed 40 hours total. Using a reasonable composite hourly rate of $400.00, results in a total fees of $16,000.00. Because Defendant Kabo unreasonably sought to recover much higher fees for legal services unrelated to the motion for sanctions, and which are also not supported by adequate billing records, the Court exercises its discretion to reduce the award of attorneys' fees and costs to Defendant Kabo by one-third. The Court therefore awards Defendant Kabo attorneys' fees and costs related to its motion for sanctions in the total amount of $10,667.00. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kabo Tool Company's ("Kabo") Application and Memorandum in Support of Attorneys' Fees and Costs (#286) is **granted** as follows:

1. Plaintiff JS Products, Inc. shall pay to Defendant Kabo Tool Company attorneys' fees and costs in the total amount of $10,667.00 in relation to Kabo's Motion for Sanctions (#254).

2. Because Plaintiff JS Products, Inc. has filed a Motion for Attorneys Fees and Expenses (#377), as the prevailing party in this action, the payment of the foregoing award of fees and costs to Defendant Kabo Tool Company is stayed pending a decision on JS Products, Inc.'s motion for fees and expenses. If JS Products is awarded fees and costs on its motion, then the foregoing amount awarded to Defendant Kabo Tool Company may be offset against such award.

DATED this 15th day of October, 2014.

George Foley Jr.

GEORGE FOLEY, JR.
United States Magistrate Judge